UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

-v-

JOWENKY NUNEZ, SR.,
                        Defendant.

22-CR-293 (JPO)

OPINION AND ORDER

---

J. PAUL OETKEN, District Judge:

    Defendant Jowenky Nunez, Sr. ("Nunez") is charged in seven counts of an indictment with firearm, drug, and racketeering conspiracy offenses. Pending before the Court is Defendant's motion to dismiss the indictment, to sever his trial from that of his co-defendants, and for a bill of particulars. (ECF No. 260.)

**I.    Background**

    On March 17, 2022, the Government filed a sealed complaint, bringing narcotics conspiracy and firearms charges against ten purported members of the Own Every Dollar ("OED") gang. (ECF No. 1.)

    On July 26, 2022, a grand jury returned a 42-count superseding indictment ("the Indictment") charging 16 defendants — including Nunez — with racketeering conspiracy, violent crimes in aid of racketeering, discharge of firearms in connection with those crimes of violence, Hobbs Act robbery, narcotics conspiracy, possession of a firearm in connection with that narcotics conspiracy, and interstate transport or receipt of firearms. (ECF No. 86.) Specifically, Defendant was charged with the following seven counts:

> (1) racketeering conspiracy, in violation of Title 18, United States Code, Section 1962(d) (Count One), (2) attempted murder and assault with a dangerous weapon in aid of racketeering for an April 18, 2020 shooting of another individual, in violation of Title 18, United States Code, Sections 1959(a)(3) and (a)(5), and 2 (Count

1

>Twelve), (3) possessing, using, and brandishing a firearm in furtherance of a crime of violence, namely the crime of violence charged in Count Twelve, during which a firearm was discharged, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), (iii), and 2 (Count Thirteen), (4) attempted murder and assault with a dangerous weapon in aid of racketeering for an August 12, 2021 shooting of co-defendant Hugo Rodriguez, in violation of Title 18, United States Code, Sections 1959(a)(3) and (a)(5), and 2 (Count Twenty-Eight), (5) possessing, using, and brandishing a firearm in furtherance of a crime of violence, namely the crime of violence charged in Count Twenty-Eight, during which a firearm was discharged, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), (iii), and 2 (Count Twenty-Nine), (6) narcotics conspiracy, in violation of Title 21, United States Code, Section 846 (Count Forty), and (7) possessing, using, and brandishing a firearm in furtherance of a drug trafficking crime, namely the narcotics conspiracy charged in Count Forty, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), (iii), and 2 (Count Forty-One).

(*Id.*)

The Government alleges that Nunez is a member or associate of OED, a gang operating in and around the Washington Heights neighborhood in Manhattan. According to the Indictment, OED is a subset of the Trinitarios gang. Members of OED allegedly engaged in murder, attempted murder, robbery, and narcotics trafficking in Manhattan, the Bronx, and Queens from approximately 2018 through July 2022. With regard to the Defendant, the Indictment charges him with three predicate acts: the April 18, 2020 attempted murder, the April 12, 2021 attempted murder, and the narcotics conspiracy.

The Government has produced a large amount of discovery thus far, with a total of 12 productions encompassing more than 1,515 gigabytes of data. (ECF No. 267 at 7.) The Government represents that these productions include clearly marked files relevant to the Defendant's alleged drug dealing activities and the predicate acts.

Defendant filed the instant motion on April 28, 2023.

## II.     Legal Standard

### A.     Motion to Dismiss

Federal Rule of Criminal Procedure 7(c) provides that the indictment "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c). On a pretrial motion to dismiss the indictment pursuant to Federal Rule of Criminal Procedure 12(b), the Court must accept the allegations in the indictment as true. *United States v. Alyenikov*, 737 F. Supp. 2d 173, 176 (S.D.N.Y. 2010) (quoting *United States v. Velastegui*, 199 F.3d 590, 592 n.2 (2d Cir.1999)). "It is not proper to weigh the sufficiency of the evidence underlying the indictment, unless the Government has already made 'a full proffer of the evidence it intends to present at trial.'" *Id.* (quoting *United States v. Perez*, 575 F.3d 164, 166 (2d Cir. 2009)).

An indictment is sufficient if it: (1) contains the elements of the offense charged and fairly informs a defendant of the charge against him; and (2) allows him to plead acquittal or conviction to bar future prosecution on the same offense. *Hamling v. United States*, 418 U.S. 87, 117 (1974). "It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished." *Hamling*, 418 U.S. at 117 (citation and internal quotation omitted).

### B.     Motion to Sever

Under Federal Rule of Criminal Procedure 8(b), two or more defendants may be charged in the same indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). Under Rule 14(a), the Court may "sever the defendants' trials" if "consolidation for trial appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a). However, "there is

3

a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States,* 506 U.S. 534, 537 (1993). This is especially true "when, as here, the defendants are indicted as part of a common scheme or plan." *United States v. Gotti*, No. 02-CR-743, 2004 WL 602689, at *6 (S.D.N.Y. Mar. 26, 2004). "[A] defendant who seeks separate trials under Rule 14 carries a heavy burden of showing that joinder will result in substantial prejudice." *United States v. Amato*, 15 F.3d 230, 237 (2d Cir. 1994) (citation and internal quotation marks omitted).

### C. Motion for a Bill of Particulars

Rule 7(f) of the Federal Rules of Criminal Procedure permits a defendant to seek a bill of particulars "to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987). A bill of particulars is required "only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990), *abrogated on other grounds by United States v. Marcus*, 628 F.3d 36 (2d Cir. 2010).

If the information the defendant seeks "is provided in the indictment or in some acceptable alternate form," such as discovery, no bill of particulars is required. *Bortnovsky*, 820 F.2d at 574. "The decision whether to grant a bill of particulars rests within the district court's discretion." *United States v. Chalmers*, 410 F. Supp. 2d 278, 283 (S.D.N.Y. 2006) (quoting *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984)). The Court may consider "the complexity of the offense, the clarity of the indictment, and the degree of discovery otherwise available to the defendants" to determine whether a bill of particulars is necessary. *United States v. Shoher*, 555 F. Supp. 346, 349 (S.D.N.Y. 1983).

**III.    Discussion**

    **A.    Motion to Dismiss**

Count One charges Defendant with racketeering conspiracy, in violation of the Racketeer Influence and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(d). (ECF No. 86 ¶¶ 1 – 18.) The Indictment alleges that Defendant was a member of OED and conspired to violate RICO, describes the conspiracy's location (the enterprise "operated principally in and around the Washington Heights area of Manhattan, but also in the Bronx and Queens . . ."), and identifies the time period when the relevant activity occurred ("from at least in or about 2018, up through and including at least in or about July 2022."). It also identifies three predicate acts with sufficient detail and discusses how OED members carried out the alleged conspiracy. These allegations are sufficient to satisfy Rule 7(c). *See United States v. Raniere*, 384 F. Supp. 3d 282, 300 (E.D.N.Y. 2019).

Defendant argues that Counts One, Twelve, and Twenty-Eight must be dismissed because the Indictment does not establish that the predicate acts are horizontally and vertically related to the OED enterprise, such that the Government has failed to allege a pattern of racketeering as required by the statute. He also argues that the Indictment is internally contradictory because he was a victim, not a perpetrator, of the August 12, 2021 shooting that is charged as a predicate act. These arguments are premature: the sufficiency of the government's evidence is a matter to be resolved at trial by the jury. *United States v. Sampson*, 898 F.3d 270, 282 (2d Cir. 2018) ("A court cannot test the sufficiency of the government's evidence on a Rule 12(b) motion.").[1]

---

    [1] Defendant's reliance on the Court's decision in *United States v. Benjamin*, No. 21-CR-706, 2022 WL 17417038 (S.D.N.Y. Dec. 5, 2022) is unavailing. That decision was premised on the principle that "[w]hen 'one element of the offense is implicit in the statute, rather than

The remaining charges (Counts Thirteen, Twenty-Nine, Forty, and Forty-One) follow the relevant statutory language nearly verbatim. Each charge includes a statement of the essential facts of the offenses charged, including the time and place where each act allegedly occurred. Nothing more is required at this stage.

B.    **Motion to Sever**

"The mere allegation of a conspiracy presumptively satisfies Rule 8(b), since the allegation implies that the defendants named have engaged in the same series of acts or transactions constituting an offense." *United States v. Friedman*, 854 F.2d 535, 561 (2d Cir. 1988) (citation omitted). Therefore, in evaluating whether joinder is proper, the Court's task "is limited simply to determining whether the indictment properly alleged [the defendant's] participation in a RICO conspiracy." *Id.*

Defendant argues that joinder is improper because the Indictment fails to allege facts sufficient to establish his membership in the OED enterprise. Specifically, Defendant argues that severance is necessary because the Government "fails to describe how Mr. Nunez is connected with OED, his position in the enterprise, or how any of his alleged acts were connected to this group." (ECF No. 261 at 11.) However, as explained above, the Indictment provides facts

---

explicit, and the indictment tracks the language of the statute and fails to allege the implicit element explicitly, the indictment fails to allege an offense.'" *Id.* at *3 (quoting *United States v. Pirro*, 212 F.3d 86, 93 (2d Cir. 2000)). Here, the requirement that the Government prove that predicate crimes are related to each other (horizontal relatedness) and to the enterprise as a whole (vertical relatedness) is not a distinct "element" of the offense of racketeering under the RICO statute. Rather, the courts have used the horizontal and vertical relatedness requirement to define what constitutes "a pattern of racketeering activity" under the statute. In other words, horizontal and vertical relatedness makes a "pattern." Whether the Government has alleged facts sufficient to prove that a pattern exists is a question for trial.

sufficient to meet the Government's burden in charging the Defendant with the RICO conspiracy. Therefore, Defendant's argument fails.

Next, Defendant argues that consolidation has compromised his right to a speedy trial. (ECF No. 261 at 12.) The Speedy Trial Act requires that a criminal trial begin within seventy days of either the filing date of an indictment or the date on which a defendant first appears before a judicial officer in response to his charges, whichever is later. *See* 18 U.S.C. § 3161(c)(1). When there is more than one defendant, the Speedy Trial Act imposes "a unitary time clock on all co-defendants joined for trial," which begins when the newest defendant is added. *United States v. Vasquez*, 918 F.2d 329, 337 (2d Cir. 1990); *see also United States v. Piteo*, 726 F.2d 50, 52 (2d Cir. 1983). Section 3161(h)(6) of the Speedy Trial Act states that the court may exclude "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6). If the Court denies a defendant's motion to sever, then "the unitary clock will continue with the limitation that any further time imputed to the 'Unsevered Defendant' must be 'reasonable.'" *United States v. Payden*, 620 F. Supp. 1426, 1430 (S.D.N.Y. 1985).

In light of the complexity of this case, the volume of discovery, and the number of interrelated charges and defendants, the amount of time that has passed since Defendant's arrest is not unreasonable and does not raise speedy trial concerns. In any event, Nunez is not moving for relief under the Speedy Trial Act at this juncture, but instead argues more broadly that waiting until his co-defendants are ready for trial "would raise Speedy Trial Act concerns." (ECF No. 261 at 12.) Because the motion to sever is denied at the present time, this argument is premature and Defendant may raise his speedy trial claim at a later juncture.

### C. Motion for a Bill of Particulars

Defendant is not entitled to a bill of particulars for two reasons. First, he has not complied with Local Criminal Rule 16.1 for the Southern and Eastern Districts of New York, which provides that "[n]o motion addressed to a bill of particulars or any discovery matter shall be heard unless counsel for the moving party files in or simultaneously with the moving papers an affidavit certifying that counsel has conferred with counsel for the opposing party in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the Court and has been unable to reach agreement." Local Crim. R. 16.1. Here, Defendant's counsel did not provide such an affidavit and did not confer with counsel for the Government. That failure alone "is fatal to the motion." *United States v. Blondet*, No. 16-CR-387, 2022 WL 507698, at *2 (S.D.N.Y. Feb. 18, 2022), *reconsideration denied*, No. 16-CR-387 (JMF), 2022 WL 549707 (S.D.N.Y. Feb. 23, 2022).

Second, the charges in the Indictment are specific enough to give Nunez notice of the charges against him, prevent surprise at trial, and allow him to pursue a double jeopardy argument in the event of a future prosecution. While Defendant argues that he is entitled to specific information regarding the alleged fraud, including a "description of the racketeering conspiracy" and "a list of predicate acts that the Government intends to establish," the relevant case law is to the contrary. Such requests are routinely denied. "[A]s a general rule, the defendant does not 'need' detailed evidence about the conspiracy in order to prepare for trial properly." *United States v. Kahale*, 789 F. Supp. 2d 359, 375 (E.D.N.Y. 2009), *aff'd sub nom. United States v. Graham*, 477 F. App'x 818 (2d Cir. 2012) (citation omitted). The Government is not required to provide Defendant with details of the manner in which the offense was committed or how the Government intends to present its case at trial. *See, e.g.*, *United States v. Middendorf*, No. 18-CR-36, 2018 WL 3956494, at *2 (S.D.N.Y. Aug. 17, 2018) (holding that

where a defendant is adequately apprised of the charges, "the Government need not specifically 'inform a defendant of all transmissions it will use to prove a defendant's guilt at trial in a bill of particulars'") (citation omitted); *United States v. Muyet,* 945 F.Supp. 586, 599 (S.D.N.Y.1996) ("The defendants are not entitled to a bill of particulars setting forth the 'whens,' 'wheres,' and 'with whoms' regarding the . . . conspiracy.").

The Indictment sufficiently advises the Defendant of the nature of the charges against him — it describes the acts he allegedly committed, the nature of the conspiracy of which he is accused, and the crimes alleged. Counts One and Forty describe the two alleged conspiracies (racketeering and narcotics), including each conspiracy's time and location and the defendant's alleged co-conspirators. Counts Twelve and Twenty-Eight each outline predicate acts of violence that the Defendant allegedly committed, including their alleged time and location. Finally, Counts Thirteen and Twenty-Nine are clearly tied to Counts Twelve and Twenty-Eight, respectively. Furthermore, the Government provided Nunez with further details about OED in general and his specific alleged involvement in the alleged conspiracy in its August 2, 2022 letter (ECF No. 82) and through voluminous discovery. The letter includes a photograph of Nunez allegedly committing the August 12, 2021 attempted murder. Therefore, "the clarity of the indictment" and "the degree of discovery otherwise available to [Defendant]" weigh against ordering a bill of particulars. *See Shoher*, 555 F.Supp. 346, 349 (S.D.N.Y. 1983).

Next, Nunez argues that he is entitled to a list of the names of all the co-conspirators who allegedly participated in the conspiracy, and their roles in the alleged conspiracy. Defendants are entitled to the identities of unnamed co-conspirators only "where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Reinhold*, 994 F. Supp. 194, 201 (S.D.N.Y. 1998) (citation omitted). Courts also

routinely deny requests for bills of particulars that disclose the identities of unnamed co-conspirators in a conspiracy where the Government has already provided extensive discovery. *See, e.g.*, *United States v. Chalmers*, 410 F. Supp. 2d 278, 286 (S.D.N.Y. 2006); *United States v. Glisson,* 03 Cr. 148, 2003 WL 21709502 at *3 (S.D.N.Y. Jul. 23, 2003). Here, the Government has provided Defendant with voluminous discovery and there is no reason to conclude that he would be unable to prepare a defense without further information. His request is accordingly denied.

### D.  Enterprise Letter

Finally, in the event that the Court denies his request for a bill of particulars, Defendant asks that the Court direct the Government to produce an enterprise letter. "Such letters have been productively utilized in numerous racketeering cases in this District, as a means of particularizing the allegations in an indictment or the evidence the Government intends to introduce at trial." *United States v. Sierra*, No. 11 CR. 1032, 2012 WL 2866417, at *8 (S.D.N.Y. July 11, 2012). The Government does not discuss the request for an enterprise letter in its opposition brief.

The Government typically provides enterprise letters in the few months leading up to trial. *See, e.g.*, *United States v. Spencer*, No. 20 CR 78-1, 2022 WL 1270905, at *2 (S.D.N.Y. Apr. 28, 2022) (requiring enterprise letter three months ahead of trial date); *United States v. Boyle*, No. 08 CR 534 (CM), 2009 WL 2032105, at *5 (S.D.N.Y. July 9, 2009) (noting that the Government would provide enterprise letter three months in advance of trial); *United States v. Sierra*, No. 11 CR 1032, 2012 WL 2866417, at *8 (S.D.N.Y. Jul. 11, 2012) (requiring enterprise letter five months in advance of trial for fifty-defendant racketeering case);

No trial date has been set in this case and Defendant's request for an order requiring an enterprise letter is denied as premature. This request is, however, subject to renewal once the Court sets a trial date and the parties have conferred on the issue.

## IV. Conclusion

For the foregoing reasons, Defendant Nunez's motion to dismiss the indictment, to sever his trial, and for a bill of particulars is denied.

The Clerk of Court is directed to close the motion at ECF No. 260.

SO ORDERED.

Dated: August 23, 2023
New York, New York

_____
J. PAUL OETKEN
United States District Judge