UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-                                                          22-CR-293-17 (JPO)

JOWENKY NUNEZ, SR.,                                          ORDER
                              Defendant.

J. PAUL OETKEN, District Judge:

This order addresses two motions in limine filed by the Government on which the Court reserved decision at the final pretrial conference held on January 22, 2026.

1.  The Government's motion to admit evidence of Defendant's 2013 narcotics conviction as direct evidence is granted.  The Court finds that the evidence of the 2013 conviction is inextricably intertwined with the charged conduct in this case and is probative and necessary to complete the story of the charged criminal conduct at trial.  The Court also finds that the probative value of that evidence is not substantially outweighed by the danger of unfair prejudice or other countervailing considerations under Federal Rule of Evidence 403.

2.  The Government's motion to take certain measures for the protection of an NYPD undercover officer (the "UC") is granted.  The Court notes that the danger of serious harm from the identification of the UC in this case is real, as evidenced by the multiple acts of retaliation, including attempted murder, of individuals viewed as working with or assisting law enforcement in connection with the gang activity in this case.

First, the UC will be permitted to testify using a pseudonym, the Government may withhold the UC's true name, and the defense is precluded from eliciting personally identifiable information about the UC.  In addition to complying with its *Giglio* obligations, the Government shall disclose the true name of the UC to a walled-off investigator at the U.S. Attorney's Office,

1

who will conduct research queries at the request of defense counsel, a procedure that has been approved by other judges in this District in similar circumstances.  *See United States v. Eusebio*, 22-CR-522 (GHW), ECF No. 575 (S.D.N.Y. Oct. 31, 2024); *United States v. Conyers*, 23-CR-457 (JGLC), ECF No. 182 (S.D.N.Y. Jan. 20, 2026).  The Court finds that these measures are necessary to protect the life and safety of the UC and to avoid compromising ongoing investigations in which the UC is involved, and that they adequately protect Defendant's right to a fair trial and right to confront witnesses.

Second, the UC will be permitted to testify with the courtroom closed to the public, except for the parties and Defendant's immediate family.  Pursuant to *Waller v. Georgia*, 467 U.S. 39, 43 (1984), and *Ayala v. Speckard*, 131 F.3d 62, 70 (2d Cir. 1997), the Court has considered the relevant factors and finds as follows:  (1) there is an overriding and compelling interest in protecting the safety of the UC and the integrity of ongoing investigations in which the UC is involved, which would be seriously threatened by trial testimony before the general public; (2) closure to the general public while allowing the parties and Defendant's immediate family to be present in the courtroom is narrowly tailored and no broader than necessary to protect the interest in the UC's safety; (3) the Court has considered alternatives to closing the proceeding, but finds that such alternatives (such as allowing testimony in disguise or behind a screen) would pose substantial risks to Defendant's right to a fair trial.

For the foregoing reasons, the Government's first and second motions in limine are granted.

SO ORDERED.

Dated:  January 26, 2026
        New York, New York

2